# WEBER GALLAGHER
## SIMPSON STAPLETON
### FIRES & NEWBY LLP

July 12, 2012

United States District Court
Eastern District of Pennsylvania
Attn: Clerk's Office
U.S. Courthouse
601 Market Street, Room 2609
Philadelphia, PA 19106

Direct Dial: (267) 519-4974
Email: mmurray@wglaw.com

RE:   **Estate of Jessica Diane Davila, et al vs USP Labs, LLC, et al**
**No.:  U.S.D.C., E.D.PA., C.A., TBD**
**(Philadelphia County CCP No.: 120602113**
**Our File Number: 0064330**

Dear Sir/Madam:

I represent the Defendants, USPLABS, LLC, General Nutrition Centers, Inc., and GNC Holdings, Inc. in the above-captioned matter. Enclosed please find a Notice of Removal on behalf of Defendants along with a Civil Cover Sheet, Designation Form, Disclosure Statement Forms and Case Management Track Designation Form. Kindly file this document of record and confirm filing of same via appropriate electronic means. I have also enclosed this firm's check in the amount of $350.00 which represents payment of your filing fee.

If you have any questions or need any additional information, please feel free to contract the undersigned counsel.

Very truly yours,

William C. Mills, Esquire

WCM/mkm
Enclosures

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

APPENDIX H

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Shirley Davila, individually and as Trustee Ad Litem for the Estate of Jessica Diane Davila, deceased

**(b)** County of Residence of First Listed Plaintiff    Taylor
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Steven G. Wigrizer, Esq., Jason S. Weiss, Esq., 2000 Market St., Suite 2750, Philadelphia, PA 19103 (215) 569-0900

## DEFENDANTS

USPLABS, LLC, General Nutrition Centers, Inc.,
GNC Holdings, Inc.

County of Residence of First Listed Defendant    Dallas
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

Attorneys (If Known)
William C. Mills, Esquire, 2000 Market St., 13th Floor,
Philadelphia, PA 19103 (215) 972-7900

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of the State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury – | [ ] 620 Other Food & Drug | [ ] 423 Withdraw | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product | Med. Malpractice | [ ] 625 Drug Related Seizure | 28 USC 157 | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | Liability | [X] 365 Personal Injury – | of Property 21 USC 881 | | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment | [ ] 320 Assault, Libel & | Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 460 Deportation |
| & Enforcement of Judgment | Slander | [ ] 368 Asbestos Personal | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 470 Racketeer Influenced and |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' | Injury Product | [ ] 650 Airlines Reg. | [ ] 830 Patent | Corrupt Organizations |
| [ ] 152 Recovery of Defaulted | Liability | Liability | [ ] 660 Occupational | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| Student Loans | [ ] 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | [ ] 490 Cable/Sat TV |
| (Excl. Veterans) | [ ] 345 Marine Product | [ ] 370 Other Fraud | [ ] 690 Other | | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of | Liability | [ ] 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | [ ] 850 Securities/Commodities/ |
| Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 380 Other Personal | [ ] 710 Fair Labor Standards | [ ] 861 HIA (1395 ff) | Exchange |
| [ ] 160 Stockholder's Suits | [ ] 355 Motor Vehicle | Property Damage | Act | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge |
| [ ] 190 Other Contract | Product Liability | [ ] 385 Property Damage | [ ] 720 Labor/Mgmt. Relations | [ ] 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal | Product Liability | [ ] 730 Labor/Mgmt. Reporting | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| [ ] 196 Franchise | Injury | | & Disclosure Act | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | **FEDERAL TAX SUITS** | [ ] 892 Economic Stabilization Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate | [ ] 790 Other Labor Litigation | [ ] 870 Taxes (U.S. Plaintiff | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 442 Employment | Sentence | [ ] 791 Empl. Ret. Inc. | Or Defendant) | [ ] 894 Energy Allocation Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ | **Habeas Corpus:** | Security Act | [ ] 871 IRS – Third Party | [ ] 895 Freedom of Information Act |
| [ ] 240 Tort to Land | Accommodations | [ ] 530 General | | 26 USC 7609 | [ ] 900 Appeal of Fee Determination |
| [ ] 245 Tort Product Liability | [ ] 444 Welfare | [ ] 535 Death Penalty | | | Under Equal Access |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/ Disabilities – | [ ] 540 Mandamus & Other | | | to Justice |
| | Employment | [ ] 550 Civil Rights | | | [ ] 950 Constitutionality of |
| | [ ] 446 Amer. w/ Disabilities – | [ ] 555 Prison Condition | | | State Statutes |
| | Other | | | | |
| | [ ] 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
21 U.S.C. 301 et. seq.
Brief Description of Cause
alleged personal injury caused by dietary supplement

## VII. REQUESTED IN COMPLAINT

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

(See instructions):    JUDGE      DOCKET NUMBER

DATE 7/12/2012    SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA – DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 619 Poplar Street, Abilene, TX 79602

Address of Defendant: 10761 King William Drive, Dallas, TX 75220

Place of Accident, Incident or Transaction: 901 W Ben White, Blvd., Austin, TX 78704
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more or is stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P.7.1(a))    Yes ☒    No ☐

Does this case involve multidistrict litigation possibilities?    Yes ☐    No ☒
*RELATED CASE, IF ANY:*

Case Number: _____    Judge _____    Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within on year previously terminated action in this court?    Yes ☐    No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐    No ☒

3. Does this case involve the validity of infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes ☐    No ☒

CIVIL: (Place X in ONE CATEGORY ONLY)

A. *Federal Questions Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) Federal Food, Drug and Cosmetic Act as amended by the Dietary Supplement Health and Education Act of 1994

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _____    _____    _____
                         Attorney-at-Law                Attorney I.D.#

**NOTE: A trial de novo will be a trial by jury only if there has been compliance with F. R. C .P. 38.**

I certify that to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 7/12/2012    _____    65796
                    Attorney-at-Law    Attorney I.D.#

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

Shirley Davila, Individually and pursuant to    Civil Action No:
Pa.R.C.P. 2202(b) as Trustee Ad Litem for
the Estate of Jessica Diane Davila,
deceased,

V.

General Nutrition Centers, Inc., GNC
Holdings, Inc., and USPLABS, LLC

## DISCLOSURE STATEMENT FORM

Please check one box:

☐    The nongovernmental corporate party,     , in the above listed civil action
does not have any parent corporation and publicly held corporation that owns
10% or more of its stock.

☒    The nongovernmental corporate party, General Nutrition Centers, Inc., in the
above listed civil action has the following parent corporation(s) and publicly
held corporation(s) that owns 10% or more of its stock:

     GNC Corporation

7/12/2012
Date                         Signature

Counsel for:    Defendants

**Federal Rule of Civil Procedure 7.1 Disclosure Statement**
     (a) WHO MUST FILE: NONGOVERNMENTAL CORPORATE PARTY. A nongovernmental
corporate party to an action or proceeding in a district court must file two copies of a
statement that identifies any parent corporation and any publicly held corporation that
owns 10% or more of its stock or states that there is no such corporation.
     (b) TIME FOR FILING; SUPPLEMENTAL FILING. A party must:
                         (1)      file the Rule 7.1(a) statement with its first
                                     appearance, pleading, petition, motion, response, or
                                     other request addressed to the court, and

(2)     promptly file a supplemental statement upon any change in the information that the statement requires.

# Effective January 1, 2007

! Each complaint is reviewed at the time of filing for compliance with the requirements of Fed. R. Civ. P. 7.1.

For each Disclosure Statement Form that is filed by a nongovernmental corporate party identifying parent corporation(s) and publicly held corporation(s) that own 10% more of its stock, the corporation(s) identified are added to the automated conflict checking system in CM/ECF. The form is forwarded to the judge assigned to the case.

For each complaint that is filed with the required Disclosure Statement (copy attached), a notice is sent to the attorney requesting compliance with Fed. R. Civ. P. 7.1 and the filing of the Disclosure Statement Form. A copy of the notices is forwarded to the courtroom deputy clerk of the assigned judge.

! Documents filed subsequent to the complaint are reviewed for compliance with the Fed. R. Civ. P. 7.1. The above –referenced notice is sent to any attorney not in compliance with the requirements of Fed. R. Civ. P. 7.1 and a copy is forwarded to the courtroom deputy clerk of the assigned judge.

! In the event a financial disclosure form has not been received within 10 days of the date of the notice, the courtroom deputy clerk is notified. The courtroom deputy clerk will bring this matter to the attention of the assigned judge.

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

Shirley Davila, Individually and pursuant to     Civil Action No:
Pa.R.C.P. 2202(b) as Trustee Ad Litem for
the Estate of Jessica Diane Davila,
deceased,


                    V.


General Nutrition Centers, Inc., GNC
Holdings, Inc., and USPLABS, LLC


## DISCLOSURE STATEMENT FORM


Please check one box:

☐     The nongovernmental corporate party,          , in the above listed civil action
      does not have any parent corporation and publicly held corporation that owns
      10% or more of its stock.

☒     The nongovernmental corporate party, General Nutrition Centers, Inc., in the
      above listed civil action has the following parent corporation(s) and publicly held
      corporation(s) that owns 10% or more of its stock:

      GNC Corporation


7/12/2012                                   _____
Date                                        Signature

          Counsel for:    Defendants        _____

## Federal Rule of Civil Procedure 7.1 Disclosure Statement
      (a) WHO MUST FILE: NONGOVERNMENTAL CORPORATE PARTY. A nongovernmental
corporate party to an action or proceeding in a district court must file two copies of a
statement that identifies any parent corporation and any publicly held corporation that
owns 10% or more of its stock or states that there is no such corporation.
      (b) TIME FOR FILING; SUPPLEMENTAL FILING. A party must:
                    (1)    file the Rule 7.1(a) statement with its first
                           appearance, pleading, petition, motion, response, or
                           other request addressed to the court, and

(2) promptly file a supplemental statement upon any change in the information that the statement requires.

**Mechanisms Established to Assist in Securing Compliance with
Federal Rule of Civil Procedure 7.1, Disclosure Statement**

# Effective January 1, 2007

!    Each complaint is reviewed at the time of filing for compliance with the requirements of Fed. R. Civ. P. 7.1.

> For each Disclosure Statement Form that is filed by a nongovernmental corporate party identifying parent corporation(s) and publicly held corporation(s) that own 10% more of its stock, the corporation(s) identified are added to the automated conflict checking system in CM/ECF. The form is forwarded to the judge assigned to the case.

> For each complaint that is filed with the required Disclosure Statement (copy attached), a notice is sent to the attorney requesting compliance with Fed. R. Civ. P. 7.1 and the filing of the Disclosure Statement Form. A copy of the notices is forwarded to the courtroom deputy clerk of the assigned judge.

!    Documents filed subsequent to the complaint are reviewed for compliance with the Fed. R. Civ. P. 7.1. The above –referenced notice is sent to any attorney not in compliance with the requirements of Fed. R. Civ. P. 7.1 and a copy is forwarded to the courtroom deputy clerk of the assigned judge.

!    In the event a financial disclosure form has not been received within 10 days of the date of the notice, the courtroom deputy clerk is notified. The courtroom deputy clerk will bring this matter to the attention of the assigned judge.

Shirley Davila, Individually and pursuant to      Civil Action No:
Pa.R.C.P. 2202(b) as Trustee Ad Litem for
the Estate of Jessica Diane Davila,
deceased,

V.

General Nutrition Centers, Inc., GNC
Holdings, Inc., and USPLABS, LLC

## DISCLOSURE STATEMENT FORM

Please check one box:

☒      The nongovernmental corporate party, GNC Holdings, Inc., in the above listed
       civil action does not have any parent corporation and publicly held corporation
       that owns 10% or more of its stock.

☐      The nongovernmental corporate party,        , in the above listed civil action has
       the following parent corporation(s) and publicly held corporation(s) that owns
       10% or more of its stock:


7/12/2012
Date                                      Signature

           Counsel for:      Defendants

## Federal Rule of Civil Procedure 7.1 Disclosure Statement
        (a) WHO MUST FILE: NONGOVERNMENTAL CORPORATE PARTY.  A nongovernmental
corporate party to an action or proceeding in a district court must file two copies of a
statement that identifies any parent corporation and any publicly held corporation that
owns 10% or more of its stock or states that there is no such corporation.
        (b) TIME FOR FILING; SUPPLEMENTAL FILING. A party must:
                       (1)      file the Rule 7.1(a) statement with its first
                                appearance, pleading, petition, motion, response, or
                                other request addressed to the court, and

(2)     promptly file a supplemental statement upon any
        change in the information that the statement
        requires.

**Mechanisms Established to Assist in Securing Compliance with
Federal Rule of Civil Procedure 7.1, Disclosure Statement**

# Effective January 1, 2007

!      Each complaint is reviewed at the time of filing for compliance with the requirements of Fed. R. Civ. P. 7.1.

> For each Disclosure Statement Form that is filed by a nongovernmental corporate party identifying parent corporation(s) and publicly held corporation(s) that own 10% more of its stock, the corporation(s) identified are added to the automated conflict checking system in CM/ECF. The form is forwarded to the judge assigned to the case.

> For each complaint that is filed with the required Disclosure Statement (copy attached), a notice is sent to the attorney requesting compliance with Fed. R. Civ. P. 7.1 and the filing of the Disclosure Statement Form. A copy of the notices is forwarded to the courtroom deputy clerk of the assigned judge.

!      Documents filed subsequent to the complaint are reviewed for compliance with the Fed. R. Civ. P. 7.1. The above –referenced notice is sent to any attorney not in compliance with the requirements of Fed. R. Civ. P. 7.1 and a copy is forwarded to the courtroom deputy clerk of the assigned judge.

!      In the event a financial disclosure form has not been received within 10 days of the date of the notice, the courtroom deputy clerk is notified. The courtroom deputy clerk will bring this matter to the attention of the assigned judge.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

Shirley Davila, Individually and pursuant to          Civil Action No:
Pa.R.C.P. 2202(b) as Trustee Ad Litem for
the Estate of Jessica Diane Davila,
deceased,

V.

General Nutrition Centers, Inc., GNC
Holdings, Inc., and USPLABS, LLC

### DISCLOSURE STATEMENT FORM

Please check one box:

☒ The nongovernmental corporate party, GNC Holdings, Inc., in the above listed
civil action does not have any parent corporation and publicly held corporation
that owns 10% or more of its stock.

☐ The nongovernmental corporate party,          , in the above listed civil action has
the following parent corporation(s) and publicly held corporation(s) that owns
10% or more of its stock:

7/12/2012
Date

Signature

Counsel for:     Defendants

**Federal Rule of Civil Procedure 7.1 Disclosure Statement**
(a) WHO MUST FILE: NONGOVERNMENTAL CORPORATE PARTY.  A nongovernmental
corporate party to an action or proceeding in a district court must file two copies of a
statement that identifies any parent corporation and any publicly held corporation that
owns 10% or more of its stock or states that there is no such corporation.
(b) TIME FOR FILING; SUPPLEMENTAL FILING. A party must:
(1)     file the Rule 7.1(a) statement with its first
appearance, pleading, petition, motion, response, or
other request addressed to the court, and

(2)     promptly file a supplemental statement upon any change in the information that the statement requires.

**Mechanisms Established to Assist in Securing Compliance with
Federal Rule of Civil Procedure 7.1, Disclosure Statement**

# Effective January 1, 2007

! Each complaint is reviewed at the time of filing for compliance with the requirements of Fed. R. Civ. P. 7.1.

    For each Disclosure Statement Form that is filed by a nongovernmental corporate party identifying parent corporation(s) and publicly held corporation(s) that own 10% more of its stock, the corporation(s) identified are added to the automated conflict checking system in CM/ECF. The form is forwarded to the judge assigned to the case.

    For each complaint that is filed with the required Disclosure Statement (copy attached), a notice is sent to the attorney requesting compliance with Fed. R. Civ. P. 7.1 and the filing of the Disclosure Statement Form. A copy of the notices is forwarded to the courtroom deputy clerk of the assigned judge.

! Documents filed subsequent to the complaint are reviewed for compliance with the Fed. R. Civ. P. 7.1. The above –referenced notice is sent to any attorney not in compliance with the requirements of Fed. R. Civ. P. 7.1 and a copy is forwarded to the courtroom deputy clerk of the assigned judge.

! In the event a financial disclosure form has not been received within 10 days of the date of the notice, the courtroom deputy clerk is notified. The courtroom deputy clerk will bring this matter to the attention of the assigned judge.

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

Shirley Davila, Individually and pursuant to    Civil Action No:
Pa.R.C.P. 2202(b) as Trustee Ad Litem for
the Estate of Jessica Diane Davila,
deceased,

V.

General Nutrition Centers, Inc., GNC
Holdings, Inc., and USPLABS, LLC

## DISCLOSURE STATEMENT FORM

Please check one box:

☒    The nongovernmental corporate party, USPLABS, LLC, in the above listed civil
action does not have any parent corporation and publicly held corporation that
owns 10% or more of its stock.

☐    The nongovernmental corporate party,     , in the above listed civil action has
the following parent corporation(s) and publicly held corporation(s) that owns
10% or more of its stock:

7/12/2012
Date                                        Signature

Counsel for:    Defendants

**Federal Rule of Civil Procedure 7.1 Disclosure Statement**
     (a) WHO MUST FILE: NONGOVERNMENTAL CORPORATE PARTY. A nongovernmental
corporate party to an action or proceeding in a district court must file two copies of a
statement that identifies any parent corporation and any publicly held corporation that
owns 10% or more of its stock or states that there is no such corporation.
     (b) TIME FOR FILING; SUPPLEMENTAL FILING. A party must:
                         (1)      file the Rule 7.1(a) statement with its first
                                     appearance, pleading, petition, motion, response, or
                                     other request addressed to the court, and

(2)     promptly file a supplemental statement upon any change in the information that the statement requires.

**Mechanisms Established to Assist in Securing Compliance with
Federal Rule of Civil Procedure 7.1, Disclosure Statement**

# Effective January 1, 2007

! Each complaint is reviewed at the time of filing for compliance with the requirements of Fed. R. Civ. P. 7.1.

For each Disclosure Statement Form that is filed by a nongovernmental corporate party identifying parent corporation(s) and publicly held corporation(s) that own 10% more of its stock, the corporation(s) identified are added to the automated conflict checking system in CM/ECF. The form is forwarded to the judge assigned to the case.

For each complaint that is filed with the required Disclosure Statement (copy attached), a notice is sent to the attorney requesting compliance with Fed. R. Civ. P. 7.1 and the filing of the Disclosure Statement Form. A copy of the notices is forwarded to the courtroom deputy clerk of the assigned judge.

! Documents filed subsequent to the complaint are reviewed for compliance with the Fed. R. Civ. P. 7.1. The above –referenced notice is sent to any attorney not in compliance with the requirements of Fed. R. Civ. P. 7.1 and a copy is forwarded to the courtroom deputy clerk of the assigned judge.

! In the event a financial disclosure form has not been received within 10 days of the date of the notice, the courtroom deputy clerk is notified. The courtroom deputy clerk will bring this matter to the attention of the assigned judge.

Shirley Davila, Individually and pursuant to    Civil Action No:
Pa.R.C.P. 2202(b) as Trustee Ad Litem for
the Estate of Jessica Diane Davila,
deceased,

V.

General Nutrition Centers, Inc., GNC
Holdings, Inc., and USPLABS, LLC

## DISCLOSURE STATEMENT FORM

Please check one box:

☒    The nongovernmental corporate party, USPLABS, LLC, in the above listed civil
action does not have any parent corporation and publicly held corporation that
owns 10% or more of its stock.

☐    The nongovernmental corporate party,        , in the above listed civil action has
the following parent corporation(s) and publicly held corporation(s) that owns
10% or more of its stock:

7/12/2012
Date                                 Signature

Counsel for:    Defendants

**Federal Rule of Civil Procedure 7.1 Disclosure Statement**
    (a) WHO MUST FILE: NONGOVERNMENTAL CORPORATE PARTY. A nongovernmental
corporate party to an action or proceeding in a district court must file two copies of a
statement that identifies any parent corporation and any publicly held corporation that
owns 10% or more of its stock or states that there is no such corporation.
    (b) TIME FOR FILING; SUPPLEMENTAL FILING. A party must:
                               (1)     file the Rule 7.1(a) statement with its first
                                          appearance, pleading, petition, motion, response, or
                                          other request addressed to the court, and

(2)    promptly file a supplemental statement upon any change in the information that the statement requires.

**Mechanisms Established to Assist in Securing Compliance with
Federal Rule of Civil Procedure 7.1, Disclosure Statement**

# Effective January 1, 2007

! Each complaint is reviewed at the time of filing for compliance with the requirements of Fed. R. Civ. P. 7.1.

> For each Disclosure Statement Form that is filed by a nongovernmental corporate party identifying parent corporation(s) and publicly held corporation(s) that own 10% more of its stock, the corporation(s) identified are added to the automated conflict checking system in CM/ECF. The form is forwarded to the judge assigned to the case.

> For each complaint that is filed with the required Disclosure Statement (copy attached), a notice is sent to the attorney requesting compliance with Fed. R. Civ. P. 7.1 and the filing of the Disclosure Statement Form. A copy of the notices is forwarded to the courtroom deputy clerk of the assigned judge.

! Documents filed subsequent to the complaint are reviewed for compliance with the Fed. R. Civ. P. 7.1. The above –referenced notice is sent to any attorney not in compliance with the requirements of Fed. R. Civ. P. 7.1 and a copy is forwarded to the courtroom deputy clerk of the assigned judge.

! In the event a financial disclosure form has not been received within 10 days of the date of the notice, the courtroom deputy clerk is notified. The courtroom deputy clerk will bring this matter to the attention of the assigned judge.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Shirley Davila, individually and pursuant to | : | CIVIL ACTION |
| Pa.R.C.P. 2202(b) as Trustee Ad Litem for | : | |
| the Estate of Jessica Diane Davila, deceased, | : | |
| v. | : | |
| General Nutrition Centers, Inc., GNC | : | |
| Holdings, Inc., and USPLABS, LLC | | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See §1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.      ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health  ( )
    and Human Services denying plaintiff Social Security Benefits

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from  ( )
    exposure to asbestos

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are  ( )
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

| | | |
|---|---|---|
| 7/12/2012 | William C. Mills, Esquire | Defendants |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-972-7900 | 215-564-7699 | wmills@wglaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SHIRLEY DAVILA, individually and pursuant to     \*
Pa.R.C.P. 2202(b) as Trustee Ad Litem for the     \*     CIVIL ACTION
Estate of JESSICA DIANE DAVILA, deceased   \*
                                                          \*     NO.
                        Plaintiff,       \*
    v.                                               \*
                                                          \*
GENERAL NUTRITION CENTERS, INC.,         \*
GNC HOLDINGS, INC., and USPLABS, LLC       \*
                                                          \*
                      Defendants       \*

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §1331, §1441 and §1446, Petitioners, USPLABS, LLC,

GENERAL NUTRITION CENTERS, INC., and GNC HOLDINGS, INC. petition to move this

action from the Court of Common Pleas of Philadelphia County, PA to the United States District

Court for the Eastern District of Pennsylvania and in support thereof avers as follows:

## STATE COURT ACTION

1.     This action for removal is currently before the Court of Common Pleas of

Philadelphia County, PA at civil docket no. 126002113.

2.     Plaintiff in this case is Shirley Davila, individually and as Trustee Ad Litem for

the Estate of Jessica Diane Davila.

3.     Petitioners are USPLABS, LLC, General Nutrition Centers, Inc., and GNC

Holdings, Inc.

4.    On June 18, 2012, Plaintiff filed a Civil Action Complaint in the Court of Common Pleas of Philadelphia County, PA.  A true and correct copy of the Complaint is attached hereto as Exhibit "A".

5.    On June 19, 2012, Jason Scott Weiss, Esquire entered his appearance on behalf of Plaintiff.  A true and correct copy of the Entry of Appearance is attached hereto as Exhibit "B".

6.    On June 21, 2012, Jason Scott Weiss, Esquire filed a Motion for Admission Pro Hac Vice.  A true and correct copy of the Motion for Admission Pro Hac Vice is attached hereto as Exhibit "C".

7.    The Motion for Admission Pro Hac Vice was purportedly served on Defendants, General Nutrition Centers, Inc. and GNC Holdings, Inc. by personal service on June 22, 2012.  A true and correct copy of the Affidavit of Service of Motion is attached hereto as Exhibit "D".

8.    Plaintiff purportedly served Defendants, General Nutrition Centers, Inc. and GNC Holdings, Inc. with the Complaint by personal service on June 19, 2012.  A true and correct copy of the Affidavit of Service is attached hereto as Exhibit "E".

9.    Plaintiff purportedly served Defendant, USPLABS, LLC, with the Complaint by personal service on June 21, 2012.  A true and correct copy of the Affidavit of Service is attached hereto as Exhibit "F".

10.    This Notice of Removal is timely as it is filed within 30 days of Defendants' receipt of the Complaint.  Foster v. Mutual Fire, Marine & Inland Inc. Co., 986 F.2d 48, 54 (3d Cir. 1993); 28 U.S.C. §1446(b).

## FEDERAL JURISDICTION

11.     The United States District Court for the Eastern District of Pennsylvania has original jurisdiction over this action pursuant to 28 U.S.C. §1331 as this action raises a federal question that arises under the laws of the United States.

12.     The Complaint alleges that Plaintiff's decedent died as the result of malignant hyperthermia due to consumption of a thermogenic diet pill, OxyElite Pro (hereinafter "PRO") allegedly manufactured, distributed, packaged, delivered, sold and marketed by Defendant USP. See generally Complaint, Exhibit "A" and at ¶ 5, 10.

13.     According to the Complaint, the Plaintiff bases her claim for relief against the Defendants upon numerous violations of the Federal Food, Drug and Cosmetic Act, as amended by the Dietary Supplement Health and Education Act of 1994.  21 U.S.C. § 301 et. seq.

14.     The Complaint alleges that PRO is "an adulterated dietary supplement as that term is defined in the Food, Drug and Cosmetic Act" due to the ingredient Dimethylamylamine. See Complaint, Exhibit "A" at ¶ 42-49.

15.     The Complaint alleges that Defendants violated the Federal Food, Drug and Cosmetic Act by "improperly" claiming "that the PRO product is a legal dietary supplement". See Complaint, Exhibit "A" at ¶ 41.

16.     The Complaint alleges that an ingredient in PRO, Dimethylamylamine was "manufactured synthetically" and "unlawfully on the market" in violation of the Federal Food, Drug and Cosmetic Act as amended by the Dietary Supplement Health and Education Act of 1994. See Complaint, Exhibit "A" at ¶ 45.

17.     The Complaint alleges that the Defendants violated "relevant rules, regulations and/or statutes" related to PRO by "engaging in the manufacturing, distribution, selling and/or

supplying of PRO" which caused the Plaintiff to suffer damages.  See Complaint, Exhibit "A" at ¶ 49.

18.    This Court has jurisdiction over this action pursuant to 28 U.S.C. ¶ 1331 as Plaintiff's Complaint raises issues of federal law and prosecution of Plaintiff's claims against Defendants will require construction of the Federal Food, Drug and Cosmetic Act as amended by the Dietary Supplement Health and Education Act of 1994.

19.    All Defendants consent to the removal of this action to this Court.

20.    A copy of all process, pleadings, and orders served upon the Defendants is filed with this Notice.

21.    Concurrent with this filing, Defendants are providing notice of this removal to the Court of Common Pleas of Philadelphia County, Pennsylvania, pursuant to 28 U.S.C. § 1446(d).

22.    This action is removed pursuant to 28 U.S.C. ¶ 1441.

WHEREFORE, Defendants respectfully request that this action now pending in the Court of Common Pleas of Philadelphia County, Pennsylvania be removed to this Court.

Respectfully submitted,

**WEBER GALLAGHER SIMPSON STAPLETON FIRES & NEWBY LLP**
2000 Market Street, 13th Floor
Philadelphia, PA 19103
(215) 972-7900
(215) 564-7699 (Fax)

By: _____
William C. Mills, Esquire
wmills@wglaw.com
Attorney for Defendants

Dated: July 12, 2012



EXHIBIT "A"

BY: **STEVEN G. WIGRIZER**
**JASON S. WEISS**
wigrizers@wnwlaw.com/weissj@wnwlaw.com
**Identification No. 30396/310446**
**WAPNER, NEWMAN, WIGRIZER,**
**BRECHER & MILLER, P.C.**
2000 Market Street, Suite 2750
Philadelphia, PA 19103
(215) 569 - 0900

This is a Major Jury Case.
Jury Trial is Demanded.
Assessment of Damages Hearing Required by

**ATTORNEYS FOR PLAINTIFF**

---

SHIRLEY DAVILA, Individually and pursuant to
Pa.R.C.P. 2202(b) as Trustee Ad Litem for the
Estate of JESSICA DIANE DAVILA, deceased
619 Poplar Street
Abilene, TX 79602

                  *Plaintiff,*

        v.

GENERAL NUTRITION CENTERS, INC.,
2001 Market Street, 5th Floor
Philadelphia, PA 19103

      and

GNC HOLDINGS, INC.
2001 Market Street, 5th Floor
Philadelphia, PA 19103

      and

USPLABS, LLC
10761 King William Drive
Dallas, TX 75220

                *Defendants.*

**COURT OF COMMON PLEAS**
**PHILADELPHIA COUNTY**

**CIVIL ACTION**

---

## CIVIL ACTION COMPLAINT
## 2P – PRODUCT LIABILITY

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará mdidas y |

Case ID: 120602113

against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

**PHILADELPHIA BAR ASSOCIATION**
LAWYER REFERRAL AND INFORMATION SERVICE
ONE READING CENTER
PHILADELPHIA, PA 19107
TELEPHONE: (215) 238-6333

puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATA-MENTE. SI NO TIENE ABOGADO O SINO TIENE EL DI-NERO SUFICIENTE DE PAGAR TAL SERVICO, VAYA EN PERSONA O LLAME POR TELEPHONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUDE CONSEGUIR ASISTENCIA LEGAL.

**ASOCIACIÓN DE LICENCIADOS DE FILADELFIA**
SERVICIO DE REFERENCIA E INFORMACIÓN LEGAL
ONE READING CENTER
FILADELFIA, PA 19107
TELÉFONO: (215) 238-6333

2

Case ID: 120602113

## COMPLAINT – CIVIL ACTION

### PRELIMINARY STATEMENT

1.     This is an action for damages against GENERAL NUTRITION CENTERS, INC.,
and GNC HOLDINGS, INC (hereinafter collectively as "GNC") and USPLABS, LLC
(hereinafter "USP") related to the design, manufacture, sale, testing, marketing, advertising,
promotion, and/or distribution of OxyELITE Pro (hereinafter "PRO") by said Defendants.

2.     Plaintiff SHIRLEY DAVILA is an adult citizen and resident of the State of Texas,
residing at the above address.

3.     SHIRLEY DAVILA is the surviving mother of JESSICA DIANE DAVILA,
deceased.

4.     Pursuant to the Pennsylvania Rules of Civil Procedure, SHIRLEY DAVILA is the
proper representative of the Estate of JESSICA DIANE DAVILA as the deceased's Trustee ad
Litem pursuant to Pa.R.C.P. 2202(b).

5.     JESSICA DIANE DAVILA died on November 14, 2011 as the result of
malignant hyperthermia due to consumption of the Product, a thermogenic diet pill.

6.     There are no debts of the Estate of JESSICA DIANE DAVILA.

7.     There is no administration of the Estate of JESSICA DIANE DAVILA pending
and none is necessary.

8.     Defendant USP has its principal place of business located at 2221 Manana Drive,
Suite 120, Dallas, Texas, 75220.

9.     Defendant USP's agent for service of process is Johnathan Doyle, who is located
at the above address.

3

10. Defendant USP manufactures – itself or jointly with third party manufacturers – and distributes, packages, delivers, sells, and markets PRO "ultra-premium" supplement.

11. Defendant USP does business in the state of Pennsylvania, and has an agreement with GNC and related entities to stock and sell its products, including PRO, in stores throughout the United States of America, including in Philadelphia, Pennsylvania.

12. Defendant GENERAL NUTRITION CENTERS, INC., and its related entities and/or subsidiaries had at all material times a licensing, distribution and marketing agreement with Defendant USP for the distribution and sales of the Product.

13. Defendant GENERAL NUTRITION CENTERS, INC., is a corporation organized and existing under the laws of the State of Delaware, with its principal executive offices at 300 Sixth Avenue, Pittsburgh, Pennsylvania 15222.

14. Defendant GENERAL NUTRITION CENTERS, INC., is a holding company that conducts all of its operation through its operating subsidiaries.

15. Defendant GENERAL NUTRITION CENTERS, INC., is the largest nationwide specialty retailer of vitamin, mineral, and other like supplements, as well as sports nutrition products, as well as many other personal care and related products including PRO.

16. Defendant GNC HOLDINGS, INC., a known subsidiary of defendant GENERAL NUTRITION CENTERS, INC., has its registered office address care of CT Corporation System, in Philadelphia, Pennsylvania, located at the above address, where it may be served with service of process.

17. In the form 10-K filed by GNC for the year ended December 31, 2010, filed with the Securities and Exchange Commission on February 25, 2011 it states that GNC has 2748 domestic, company owned retail locations including 153 company-owned retail locations and 31

4

franchise locations in the State of Pennsylvania.

18.   GNC regularly conducts business in Philadelphia County, having registered addresses in at least ten (10) locations in the city of Philadelphia, including at the addresses of 1711 Chestnut Street, Philadelphia, PA 19102 and 2955 Market Street, Philadelphia, PA 19103.

19.   At all relevant times, Defendant USP was engaged in the business of manufacturing, packaging, marketing, distributing, promoting, and the sale of PRO, and GNC was likewise in the business of promoting, marketing, and selling PRO.

20.   At all relevant times, ALL DEFENDANTS recklessly and/or negligently concealed, suppressed, omitted, and misrepresented the risks, dangers, defects, and disadvantages of PRO; and, advertised, promoted, marketed, sold and distributed PRO, as a safe product, when in fact, the Defendants had reason to know, and/or did know, that PRO was not safe for its intended purposes, and that PRO caused serious medical problems, and in certain patients, catastrophic, life threatening, injuries.

21.   The individual and/or combined acts and/or omissions of GNC and USP resulted in the indivisible injury and ultimate untimely and senseless death of JESSICA DAVILA.

22.   Each of the above-named Defendants is a joint tortfeasor and is jointly and severally liable to the Plaintiff for the negligent acts and omissions alleged herein.

## FACTUAL ALLEGATIONS COMMON TO ALL DEFENDANTS

23.   Plaintiff's decedent, JESSICA DIANE DAVILA, bought PRO from a GNC branded store, and subsequently began taking PRO, in 2011 and 2012.

24.   JESSICA DIANE DAVILA bought PRO on more than one occasion from a store owned and operated by defendant GNC.

5

25. JESSICA DIANE DAVILA continued to use PRO in a reasonably foreseeable manner and used it in a condition that was substantially the same as the condition in which it was manufactured and sold by GNC and USP, until her death on or about November 14, 2011.

26. On or about November 14, 2011, as a direct and proximate result of using PRO, JESSICA DIANE DAVILA suffered malignant hypertension.

27. As a result of the malignant hypertension caused by ingestion of PRO, JESSICA DIANE DAVILA suffered a tragic, painful and needless death.

28. Plaintiff's decedent's death resulted in an incredible ordeal marked by expensive and intensive medical care and treatment prior to her death.

29. The reaction and resulting injuries and her untimely death were caused by JESSICA DIANE DAVILA's ingestion of this dangerous product, PRO.

30. Plaintiff's Decedent was not aware that her injuries and damages directly resulted from Defendants' negligent and otherwise culpable acts, omissions, and misrepresentations or from her ingestion and/or use of PRO.

31. Plaintiff's Decedent could not have reasonably known nor could have learned through reasonable diligence that her injuries and damages directly resulted from Defendants' negligent and otherwise culpable acts, omissions, and misrepresentations or from her ingestion and/or use of PRO.

32. Defendants GNC and USP knew, should have known, or could have learned through reasonable diligence that the reaction and resulting injuries could have and did directly result from Plaintiff's Decedent's ingestion of PRO.

6

33. JESSICA DIANE DAVILA would not have purchased and used PRO had the Defendants properly disclosed the risks associated with this supplement, including the risk of injury and death.

34. Employees and sales people of the GNC defendants were instructed in the marketing and sale of this product, and as such had a duty to her regarding the disclosures of risk.

35. As a direct and proximate result of the Defendants failure to warn about the serious and potentially life threatening effects, JESSICA DIANE DAVILLA, sustained damages and death as alleged.

36. As a direct and proximate result of Defendants' negligence willful, wanton and otherwise culpable acts as described, JESSICA DIANE DAVILA sustained permanent injuries, damages, and an untimely death.

37. These injuries and damages have caused Plaintiff's decedent extensive pain and suffering and severe emotional distress prior to her painful and wholly needless death.

38. ALL DEFENDANTS failed to warn and/or adequately warn consumers, including Plaintiff's Decedent, of the potential for experiencing cardiac injuries, among others.

39. If Defendant USP had performed adequate testing and studies prior to or after the market launch of PRO, it would have been seen that the risk of injury was present and foreseeable.

40. Regardless of the Defendants' failure to perform adequate pre-market launch studies, in light of their knowledge from medical literature and post-market adverse event reports, each Defendant failed to adequately warn of the dangers associated with ingredients contained in the product.

Case ID: 120602113

41.     Defendant USP improperly claims that the PRO product is a legal dietary supplement.

42.     Contrary to the statements on the label of the PRO product, it contains a form of Dimethylamylamine known as DMAA.

43.     This product is a synthetic form that is illegal and unreasonably dangerous to consumers such as JESSICA DIANE DAVILA.

44.     The statements made by USP are misleading and the research relied upon by Defendant USP is inadequate and flawed with respect to the safety and efficacy claims made.

45.     The DMAA ingredient in PRO is manufactured synthetically, and therefore unlawfully on the market as an ingredient in OxyELITE Pro.

46.     PRO is an adulterated dietary supplement as that term is defined in the Food, Drug and Cosmetic Act.

47.     If DMAA is instead naturally extracted from a geranium plant, DMAA by virtue of its inclusion in the PRO product, makes the product nevertheless "adulterated" and therefore unlawfully on the market.

48.     Defendant USP's PRO product contains DMAA as a synthetic, as such it cannot be a constituent of a botanical.

49.     Regardless of the precise characterization of PRO, or the precise characterization of the DMAA contained in PRO, by engaging in the manufacturing, distribution, selling and/or supplying of PRO, ALL DEFENDANTS have violated relevant rules, regulations and/or statutes related to the Product.

Case ID: 120602113

50. Concern about the safety of DMAA in a product such as PRO has become so widespread that the Department of Defense removed the product from its commissaries and outlets.

51. The Defendants knew or should have known that PRO when used alone or in combination with other food products created risks of serious injuries or disorders, as to which the Defendants failed to make proper, reasonable or adequate warning to the public and physicians about the risks associated with the use of their product.

52. At all times material hereto, the Defendants knew or should have known of the dangerous, life threatening risks associated with the product.

53. At all times material hereto, the Defendants proceeded to or permitted PRO to be assembled, compounded, manufactured, marketed, promoted, advertised, distributed, labeled, detailed, supplied, packaged and/or sold without adequate warnings of the serious side effects and dangerous, life threatening risks.

54. The Defendants failed to adequately warn the Plaintiff and Plaintiff's Decedent, and other consumers, of the potential serious dangers which they knew or should have known might result from consuming the product.

55. Upon information and belief, the Defendants, as a result of the manufacturing and marketing of this product, have reaped profits while failing to adequately warn of the potential hazard associated with the ingestion.

56. Prior to the manufacturing, sale and distribution of PRO, the Defendants, through their respective officers, directors and managing agents, had notice as well as knowledge from several sources that the product had substantial and unreasonable risks of harm to consumers.

Case ID: 120602113

57. Despite such knowledge, the Defendants, through their respective officers, directors and managing agents for the purpose of increasing sales and enhancing its profits, knowingly and deliberately failed to properly warn the Plaintiff's Decedent, patients, consumers and the public of the serious risk of injury because of the use of PRO.

58. As a result of the negligent acts and/or omissions attributed to ALL DEFENDANTS, Plaintiff's decedent died on November 14, 2011 as aforesaid.

59. As a result of the negligent acts and/or omissions attributed to each of the defendants and/or their ostensible agents, agents, servants, officers and/or employees, Plaintiff's decedent sustained severe injuries *prior* to her death, including, but not limited to:

    a. Physical pain;

    b. Suffering; and

    c. Mental distress.

60. All of the Plaintiff's decedent's aforementioned injuries, which occurred both before and after death:

    a. Have prevented Plaintiff's decedent from engaging in and enjoying the normal activities of life;

    b. Will prevent Plaintiff's decedent from engaging in and enjoying the normal activities of life in the future;

    c. Have prevented Plaintiff's decedent from attending to her usual duties, activities and occupations, causing a loss of earnings;

    d. Will prevent Plaintiff's decedent from attending to her usual duties, activities and occupations in the future causing a loss of earning capacity; and

Case ID: 120602113

e. Have required Plaintiff's decedent's Wrongful Death beneficiaries to spend money and incur obligations in an effort to treat and care for the aforementioned injuries.

## COUNT TWO
### *Plaintiff v. All Defendants*
### STRICT PRODUCT LIABLITY (Section 402A)

61.     Plaintiff incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein and further alleged as follows.

62.     Plaintiff avers that Defendants are strictly liable under Section 402A of the Restatement of Torts (Second) for the following reasons:

   a. At all times relevant to this action, Defendant USP designed, tested, manufactured, packaged, marketed, distributed, promoted, and sold PRO, placing the drug into the stream of commerce.

   b. At all times relevant to this action, the GNC Defendants marketed, promoted, distributed and sold PRO was expected to and did reach Plaintiff's Decedent without substantial change in the condition in which it was manufactured and sold. This product was unsafe for normal or reasonably anticipated use.

   c. PRO was defective in design or formulation because when it left the hands of the respective manufacturer and/or supplier, it was more unreasonably dangerous and more dangerous than an ordinary consumer would expect.

   d. PRO was also defective and unreasonably dangerous in that the foreseeable risk of injuries from PRO exceeded the benefits associated with the design and/or formulation of the product.

11

Case ID: 120602113

e. PRO was unreasonably dangerous: a) in construction or composition; b) in design; and c) because the product does not conform to an express warranty of the manufacturer about the product.

f. PRO as manufactured, marketed and supplied was also defective due to inadequate warnings, clinical trials, testing and study.

g. PRO as manufactured and supplied by Defendants was defective due to inadequate post-marketing warnings or instructions because, after Defendants knew or should have known of the risk of injuries from use and/or ingestion, they failed to provide adequate warnings to the medical community and the consumers, to whom they were directly marketing and advertising; and, further, they continued to affirmatively promote PRO as safe and effective.

h. PRO was manufactured, distributed, tested, sold, marketed, advertised and promoted defectively by Defendants. Information given by Defendants to consumers concerning the safety and of PRO, especially the information contained in the advertising and promotional materials, did not accurately reflect the serious and potentially fatal side effects.

i. Defendants acted with conscious and deliberate disregard of the foreseeable harm caused by use and ingestion of PRO.

63. Defendants breached their duties as a designer, manufacturer, seller, and/or supplier under Section 402A of the Restatement of Torts (Second) by:

a. Designing, manufacturing, selling, and/or supplying a product that was unreasonably dangerous;

12

Case ID: 120602113

b. Designing, manufacturing, selling, and/or supplying a product that was unsafe and defective;

c. Designing, manufacturing, selling, and/or supplying a product that was unsafe for its intended uses;

d. Designing, manufacturing, selling, and/or supplying a product that was unsafe for all its intended and foreseeable purposes and uses;

e. Designing, manufacturing, selling, and/or supplying a product without necessary, visible, and/or proper warnings;

f. Designing, manufacturing, selling, and/or supplying a product without adequate warnings;

g. Designing, manufacturing, selling, and/or supplying a product containing DMAA that cause an unreasonable risk of occurrence of personal injury;

h. Designing, manufacturing, selling, and/or supplying a product that failed to comply with relevant standards;

i. Failing to properly test the product;

j. Failing to warn;

k. Failing to properly warn;

l. Failing to make the product safe for consumption;

m. Failing to warn of the danger posed by the product;

n. Failing to properly and/or adequately warn of the defects and/or other conditions noted in this paragraph;

Case ID: 120602113

64. As a direct and proximate consequence of Defendants' acts, omissions, and misrepresentations described, Decedent, sustained serious injuries and death. Plaintiff and Decedent required healthcare and services; incurred medical and related expenses; has suffered loss of wages and a complete capacity to earn wages in the future; diminished capacity for the enjoyment of life, a diminished quality of life, and other such damages. JESSICA DAVILA incurred direct medical losses and costs include care for hospitalization, physician care, monitoring, treatment, medications, and supplies.

65. Defendants' conduct was committed with knowing, conscious, wanton, willful, and deliberate disregard for the value of human life and the rights and safety of consumers, including Plaintiff's Decedent, thereby entitling Plaintiff to exemplary damages so as to punish Defendants and deter them from similar conduct in the future.

66. By reason of ALL DEFENDANTS failure to conform to its duties and obligations under Section 402A of the Restatement of Torts (Second), as aforesaid, JESSICA DIANE DAVILA was caused to sustain the severe, devastating and permanent personal injuries listed above.

67. ALL DEFENDANTS failure to conform to their respective duties and obligations under Section 402A of the Restatement of Torts (Second) as aforesaid, increased the risk of harm in that it increased the likelihood that JESSICA DIANE DAVILA would die, as described above.

**WHEREFORE**, Plaintiff, SHIRLEY DAVILA, demands judgment in her favor and against all defendants, jointly and severally, for compensatory damages in excess of the arbitration limits in effect in Philadelphia County, Pennsylvania at the time this cause of action was commenced.

Case ID: 120602113

## COUNT TWO
### *Plaintiff v. All Defendants*
### NEGLIGENCE

68.     Plaintiff incorporates by reference all of the paragraphs of this Complaint as if fully set forth herein.

69.     Defendants owed Plaintiff and Plaintiff's Decedent a duty to exercise reasonable care when designing, manufacturing, marketing, advertising, distributing, and selling PRO. This duty included the duty not to introduce a product into the stream of commerce that caused users to suffer from unreasonable, dangerous or untoward adverse side effects.

70.     At all relevant times to this action, Defendants owed a duty to properly warn Plaintiff's Decedent and the Public of the risks, dangers and adverse side effects of PRO.

71.     Defendants breached their duties to DAVILA by failing to exercise ordinary care in the preparation, design, research, testing, development, manufacturing, inspection, labeling, marketing, promotion, advertising and selling of PRO, including:

      a.  failing to adhere to and in violation of the relevant rules, regulations, and/or statutes related to the production of PRO;

      b.  failing to adhere to and in violation of the relevant rules, regulations and/or statutes related to the testing of PRO;

      c.  failing to adhere to and in violation of the relevant rules, regulations and/or statutes related to the presence of DMAA in PRO;

      d.  failing to adhere to and in violation of the relevant rules, regulations and/or statutes related to the sale and distribution of PRO;

15

e.  failing to use due care in the preparation and development of PRO to prevent the aforementioned risk of injuries to individuals when the product was ingested;

f.  failing to use due care in the design of PRO to prevent the aforementioned risk of injuries to individuals when the product was used;

g.  failing to use due care in the manufacture, inspection, and labeling of PRO to prevent the aforementioned risk of injuries to individuals who used the product;

h.  failing to use due care in the sale and marketing of PRO to prevent the aforementioned risk of injuries to individuals when the product was used; and

i.  being otherwise reckless, careless and/or negligent as aforesaid.

72.  Despite the fact that Defendants knew or should have known that PRO caused could cause unreasonable and dangerous side effects which many users would be unable to remedy by any means, Defendants continued to promote and market PRO to consumers, including Plaintiff's Decedent.

73.  As a direct and proximate consequence of Defendants' acts, omissions, and misrepresentations described herein, Plaintiff's Decedent, sustained injuries and death. Plaintiff and Plaintiff's Decedent has incurred medical and related expenses; has suffered loss of wages and a complete capacity to earn wages in the future; has suffered and will continue to suffer mental anguish; diminished capacity for the enjoyment of life; a diminished quality of life; and other such damages.

74.  The aforesaid acts of negligence by Defendants increased the risk of harm that JESSICA DIANE DAVILA would die on or about November 14, 2011.

16

**WHEREFORE**, Plaintiff, SHIRLEY DAVILA, demands judgment in her favor and against all defendants, jointly and severally, for compensatory damages in excess of the arbitration limits in effect in Philadelphia County, Pennsylvania at the time this cause of action was commenced.

## COUNT THREE
### *Plaintiff v. All Defendants*
### BREACH OF EXPRESS WARRANTY

75.     Plaintiff incorporates by reference all of the paragraphs of this Complaint as if fully set forth herein.

76.     Defendants expressly represented to JESSICA DAVILA and other consumers that PRO was safe and fit for its intended purposes, that it was of merchantable quality, that it did not produce any dangerous side effects, particularly any unwarned-of side effects, and that it was adequately tested.

77.     Defendants knew or had reason to know that PRO did not conform to express representations that PRO was not as safe or as effective as represented, and that PRO produces serious adverse side effects. Such representations included: OxyELITE Pro™ **absolutely** *unmatched! as a product, and that the product was "safe and effective" among others.*

78.     PRO did not conform to Defendants' express representations because it is not safe, and has multiple and serious side effects, including hyperthermia, irregular heartbeat, seizures, heart attack, stroke, and kidney damage, among other things, and causes severe and permanent injuries.

79.     Plaintiff's Decedent and other consumers relied upon Defendants' express warranties.

Case ID: 120602113

80. As a direct and proximate consequence of Defendants' acts, omissions, and misrepresentations described herein, Plaintiff's Decedent suffered a needless and painful death. JESSICA DAVILA required healthcare and services; incurred medical and related expenses; suffered loss of wages and a completely diminished capacity to earn wages in the future; JESSICA DAVILA incurred direct medical losses and costs include care for hospitalization, physician care, monitoring, treatment, medications, and supplies.

81. Defendants' conduct was committed with knowing, conscious, wanton, willful, and deliberate disregard for the value of human life and the rights and safety of consumers, including Plaintiff's Decedent, thereby entitling Plaintiff to punitive and exemplary damages so as to punish Defendants and deter them from similar conduct in the future.

**WHEREFORE**, Plaintiff, SHIRLEY DAVILA, demands judgment in her favor and against all defendants, jointly and severally, for compensatory damages in excess of the arbitration limits in effect in Philadelphia County, Pennsylvania at the time this cause of action was commenced.

## COUNT FOUR
### *Plaintiff v. All Defendants*
### BREACH OF IMPLIED WARRANTY

82. Plaintiff incorporates by reference all of the paragraphs of this Complaint as if fully set forth herein.

83. The Defendants designed, tested, manufactured, packaged, marketed, distributed, promoted, and sold PRO.

84. At all relevant times, Defendants knew of the use for which PRO was intended and impliedly warranted the drug was of merchantable quality and safe and fit for such use.

18

85. PRO was not of merchantable quality nor fit for its intended use, because it causes increased risk of serious injury and death.

86. Defendants breached the implied warranty that PRO was of merchantable quality and fit for such use.

87. Defendants were aware that consumers, including Plaintiff's Decedent, would use PRO as a supplement for good health.

88. JESSICA DAVILA and the community reasonably relied upon Defendants' judgment and expertise to sell PRO in that it was indeed of merchantable quality and safe and fit for its intended use.

89. Consumers, including DAVILA and the medical community, reasonably relied upon Defendants' implied warranty for PRO.

90. PRO reached consumers, including Plaintiff's Decedent, without substantial change in the condition in which it was manufactured and sold by Defendants.

91. Defendants breached their implied warranty to consumers, including Plaintiff's Decedent, as RO was not of merchantable quality or safe and fit for its intended use.

92. As a direct and proximate consequence of Defendants' acts, omissions, and misrepresentations described herein, JESSICA DAVILA died a needless death. She required healthcare and services; incurred medical and related expenses.

93. Defendants' conduct was committed with knowing, conscious, wanton, willful, and deliberate disregard for the value of human life and the rights and safety of consumers.

Case ID: 120602113

**WHEREFORE**, Plaintiff, SHIRLEY DAVILA, demands judgment in her favor and against all defendants, jointly and severally, for compensatory damages in excess of the arbitration limits in effect in Philadelphia County, Pennsylvania at the time this cause of action was commenced.

## FIRST CAUSE OF ACTION - WRONGFUL DEATH
### PLAINTIFF v. ALL DEFENDANTS

94. All of the foregoing paragraphs are incorporated by reference as though fully set forth at length herein.

95. Plaintiff SHIRLEY DAVILA is the Trustee ad Litem of the Estate of JESSICA DIANE DAVILA, plaintiff's decedent, who died on or about November 14, 2011.

96. There were no claims filed on behalf of the Estate of JESSICA DIANE DAVILA in the six months since her death.

97. Plaintiff SHIRLEY DAVILA now brings this action on behalf of the Estate of JESSICA DIANE DAVILA.

98. Pursuant to Pa.R.C.P. 2202(b), SHIRLEY DAVILA is the proper Trustee ad Litem for this wrongful death action.

99. Plaintiff's decedent died without issue.

100. SHIRLEY DAVILA resides at 619 Poplar Street, Abilene, Texas 79602.

101. As a result of the aforementioned tortious acts and/or omissions of each of the defendants, Plaintiff's decedents Wrongful Death beneficiaries have been required to spend money and incur obligations in an effort to treat and care for the aforementioned injuries to Plaintiff's decedent and have been deprived of the earnings and the value of the services of the decedent and have been deprived of the expected monetary contributions and the pecuniary value

20

Case ID: 120602113

of the services, society, comfort, guidance, and tutelage of the decedent during his life expectancy.

102.    Plaintiff claims damages for the monetary and pecuniary loss occasioned by the death of Plaintiff's decedent, as well as, for reimbursement of hospital expenses, nursing expenses, medical expenses, funeral expenses, burial expenses, and expenses of Estate administration.

103.    Plaintiff claims damages for the pecuniary losses sustained as a result of the decedent's death including damages for the loss of the contributions, services, society and comfort decedent would have provided had he survived.

104.    Plaintiff brings this action by virtue of, *inter alia*, 42 Pa.C.S.A. § 8301 and claims all damages encompassed thereby.

**WHEREFORE**, Plaintiff, SHIRLEY DAVILA, demands judgment in her favor and against all defendants, jointly and severally, for compensatory damages in excess of the arbitration limits in effect in Philadelphia County, Pennsylvania at the time this cause of action was commenced.

Respectfully submitted,

**WAPNER, NEWMAN, WIGRIZER, BRECHER & MILLER, P.C.**

BY:    */s/ Steven G. Wigrizer*
       **STEVEN G. WIGRIZER**
       **JASON S. WEISS**
       **Attorneys for Plaintiff**

Case ID: 120602113

## VERIFICATION

The undersigned, having read the attached which was prepared by my attorneys, hereby verifies that the information contained therein may include information furnished to my attorneys by individuals other than myself; that the language used therein is that of my attorneys, and that to the extent the information set forth therein is not known to me, I have relied upon my attorneys in taking this Verification. Subject to the above limitations, the information contained therein is true and correct to the best of my information, knowledge and belief, subject to the penalties imposed by 18 Pa. C.S. § 4904.

_Shirley Davila_

SHIRLEY DAVILA



EXHIBIT "B"

**BY:** **STEVEN G. WIGRIZER**
**JASON S. WEISS**
wigrizers@wnwlaw.com/weissj@wnwlaw.com
**Identification No. 30396/310446**
**WAPNER, NEWMAN, WIGRIZER,**
**BRECHER & MILLER, P.C.**
2000 Market Street, Suite 2750
Philadelphia, PA 19103
(215) 569 - 0900

**ATTORNEYS FOR PLAINTIFF**

| | | |
|---|---|---|
| SHIRLEY DAVILA, Individually and pursuant to Pa.R.C.P. 2202(b) as Trustee Ad Litem for the Estate of JESSICA DIANE DAVILA, deceased | : : : : | **COURT OF COMMON PLEAS** **PHILADELPHIA COUNTY** |
| *Plaintiffs* | : : | **CIVIL ACTION** |
| v. | : : | |
| GENERAL NUTRITION CENTERS, INC. | : : | |
| and | : : | JUNE TERM, 2012 |
| GNC HOLDINGS, INC. | : : | |
| and | : : | NO. 002113 |
| USPLABS, LLC | : | |
| *Defendants* | : | |

<u>**ENTRY OF APPEARANCE**</u>

TO THE PROTHONOTARY:

Kindly enter my appearance as co-counsel on behalf of the plaintiff in the above captioned matter.

WAPNER, NEWMAN, WIGRIZER,
BRECHER & MILLER

BY:   /s/ JASON S. WEISS
_____
JASON S. WEISS
Attorney for Plaintiff

Case ID: 120602113



EXHIBIT "C"

**FILED**

20 JUN 2012 01:18 pm

Civil Administration

A. WARREN

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**CIVIL TRIAL DIVISION**

| | | |
|---|---|---|
| SHIRLEY DAVILA, Individually and pursuant to Pa.R.C.P. 2202(b) as Trustee Ad Litem for the Estate of JESSICA DIANE DAVILA, deceased | : | **COURT OF COMMON PLEAS** **PHILADELPHIA COUNTY** |
| *Plaintiff* | : | **CIVIL ACTION** |
| v. | : | |
| GENERAL NUTRITION CENTERS, INC. | : | |
| and | : | JUNE TERM, 2012 |
| GNC HOLDINGS, INC. | : | |
| and | : | NO. 002113 |
| USPLABS, LLC | : | |
| *Defendants* | : | |

### ORDER

AND NOW, this ____ day of _____ , 2012, it is hereby **ORDERED** and

**DECREED** that the Motion for Admission Pro Hac Vice is **GRANTED,** and Mark Zamora,

Esquire, Post Office Box 660216, Atlanta, GA 30366, street address 5 Concourse Parkway Suite

2600, Atlanta, GA 30328,  is hereby admitted Pro Hac Vice for purposes of this matter after

obtaining the appropriate City of Philadelphia business Privilege Tax License pursuant to 19-

2602 of the Philadelphia Code.  Pro Hac Vice Counsel shall pay all City Business and Wage tax

as required.

**BY THE COURT:**

_____

*J.*

**BY:   STEVEN G. WIGRIZER**
      **JASON S. WEISS**
<u>wigrizers@wnwlaw.com/weissj@wnwlaw.com</u>
**Identification No. 30396/310446**
**WAPNER, NEWMAN, WIGRIZER,**
**BRECHER & MILLER, P.C.**                **ATTORNEYS FOR PLAINTIFF**
2000 Market Street, Suite 2750
Philadelphia, PA 19103
(215) 569 - 0900

| | |
|---|---|
| SHIRLEY DAVILA, Individually and pursuant to  :<br>Pa.R.C.P. 2202(b) as Trustee Ad Litem for the  :<br>Estate of JESSICA DIANE DAVILA, deceased  :<br>  :<br>  :<br>           *Plaintiffs*  :<br>  :<br>      v.  :<br>  :<br>GENERAL NUTRITION CENTERS, INC.  :<br>  :<br>    and  :<br>  :<br>GNC HOLDINGS, INC.  :<br>  :<br>    and  :<br>  :<br>USPLABS, LLC  :<br>          *Defendants*  : | **COURT OF COMMON PLEAS**<br>**PHILADELPHIA COUNTY**<br><br><br>**CIVIL ACTION**<br><br><br><br>JUNE TERM, 2012<br><br>NO.  002113 |

## <u>MOTION TO ADMIT APPEARANCE OF COUNSEL *PRO HAC VICE*</u>

Plaintiff, by and through her attorneys, Wapner, Newman, Wigrizer, Brecher & Miller,

move for an entry of an order permitting the appearance of  Mark Zamora, Esquire as counsel

*pro hac vice* for the limited purpose of appearing and participating in this case pursuant to Pa.

B.A.R. 301 and Pa.R.C.P. No. 1012.1 and in support therefore aver:

Case ID: 120602113
Control No.: 12062554

1. Plaintiff seeks permission for the appearance of Mark Zamora, Esquire as counsel *pro hac vice*. He is a duly licensed attorney in the State of Georgia.

2. Mr. Zamora has experience and expertise in matters raised in this case that make it particularly desirable that the applicant be permitted to represent the clients in this case.

3. In addition to his Juris Doctor degree, Mr. Zamora has served as lead counsel in the recently concluded (as of April 2012) dietary supplement litigation in the State of Georgia, in the consolidated action involving Total Body Formula. Further, he is a member of the Plaintiff's Steering Committee, and Chair of the Discovery Committee in the United States District Court matter, <u>In Re Hydroxycut Marketing and Sales Pratices Litigation</u>, 3:2009- md-2087, CA S.D.

4. As a result of his education and experience, Mr. Zamora has knowledge of the medical literature and special expertise in the issues raised in this case.

5. Mr. Zamora stipulates that, by his appearance before this Court, he will comply with the applicable statutes, case law and procedural rules of the Commonwealth of Pennsylvania, including the Pennsylvania Rules of Professional Conduct.

6. Mr. Zamora avers that payment of the required fee has been made in compliance with the regulations adopted by the IOLTA Board. (See *Confirmation of PAIOLTA Payment*, attached hereto as "Ex. A.")

WHEREFORE, Plaintiff moves this Court for an entry of an order permitting attorney

Mark Zamora to appear before this Court *pro hac vice*.

> WAPNER, NEWMAN, WIGRIZER
> BRECHER & MILLER, P.C.
>
>
> BY:   /s/ JASON S. WEISS
>      STEVEN G. WIGRIZER
>      JASON S. WEISS
>      Attorneys for Plaintiff

BY:   **STEVEN G. WIGRIZER**
      **JASON S. WEISS**
<u>wigrizers@wnwlaw.com/weissj@wnwlaw.com</u>
**Identification No. 30396/310446**
**WAPNER, NEWMAN, WIGRIZER,**
**BRECHER & MILLER, P.C.**
2000 Market Street, Suite 2750
Philadelphia, PA 19103
(215) 569 - 0900

**ATTORNEYS FOR PLAINTIFF**

| | |
|---|---|
| SHIRLEY DAVILA, Individually and pursuant to Pa.R.C.P. 2202(b) as Trustee Ad Litem for the Estate of JESSICA DIANE DAVILA, deceased | **COURT OF COMMON PLEAS PHILADELPHIA COUNTY** |
| *Plaintiffs* | **CIVIL ACTION** |
| v. | |
| GENERAL NUTRITION CENTERS, INC. | |
| and | **JUNE TERM, 2012** |
| GNC HOLDINGS, INC. | |
| and | **NO. 002113** |
| USPLABS, LLC | |
| *Defendants* | |

## <u>MEMORANDUM OF LAW IN SUPPORT OF</u>
## <u>PLAINTIFFS' MOTION TO ADMIT APPEARANCE OF COUNSEL *PRO HAC VICE*</u>

**I.**   **<u>MATTER BEFORE THE COURT</u>**

Plaintiffs' Motion to Admit Mark Zamora, Esq. *Pro Hac Vice*.

**II.**   **<u>QUESTION PRESENTED</u>**

**Question:**   Should Mark Zamora, Esquire of the law firm of Mark Zamora and Associates be permitted to appear as counsel *pro hac vice* where he is duly licensed to practice law in the State of Georgia and possesses special experience and expertise with regards to medical negligence and the issues raised in this case?

**Suggested Answer:**   Yes.

### III. LEGAL ARGUMENT

Pursuant to Pa. R.C.P. 1012.1, an attorney who is admitted to the bar of the Commonwealth of Pennsylvania may file a written motion for admission *pro hac vice* of an attorney admitted to the bar of and authorized to practice law in the highest court of another state. The motion shall be granted unless the Court finds good cause for denial. Pa. R.C.P. 1012.1(e).

Here, Mark Zamora, Esquire is a duly licensed attorney in the State of Georgia and as a result of his education and experience, Mr. Zamora has knowledge of the medical literature and special expertise in the issues raised in this case. Therefore, Mr. Zamora is an appropriate candidate for admission *pro hac vice* pursuant to Pa.R.C.P. 1012.1

### IV. CONCLUSION

WHEREFORE, for the reasons stated herein, Plaintiff respectfully requests that this Honorable Court admit Mark Zamora, Esquire *pro hac vice* as additional counsel for plaintiffs in this action.

WAPNER, NEWMAN, WIGRIZER
BRECHER & MILLER, P.C.


BY:   /s/ JASON S. WEISS
STEVEN G. WIGRIZER
JASON S. WEISS
Attorney for Plaintiffs

**VERIFICATION**

The undersigned, having applied for admission *pro hac vice*, hereby verifies that I am an attorney licensed to practice in the State of Georgia; that I have never been suspended, disbarred, or otherwise disciplined; that I am not subject to any disciplinary proceedings; that I have no previously applied for admission in Pennsylvania *pro hac vice*; that I shall comply with and be bound by the applicable statutes, case law and procedural rules of the Commonwealth of Pennsylvania, including the Pennsylvania Rules of Professional Conduct; that I shall submit to the jurisdiction of the Pennsylvania Courts and the Pennsylvania Disciplinary Board with respect to acts and omissions occurring during the appearance in the matter for which admission *pro hac vice* is being sought; and that I have consented to the appointment of Steven Wigrizer, Esquire, and Jason Weiss, Esquire, as the agents upon whom service of process shall me be made for all actions, including disciplinary actions that may arise out of the practice of law in this matter.

/s/ Mark Zamora, Esquire
Mark Zamora, Esquire

**VERIFICATION**

The undersigned hereby states that after reasonable investigation, he is in a position to sponsor Mark Zamora, Esquire's admission *pro hac vice*, and believes he is a reputable and competent attorney. The undersigned verifies that the proceeds from the settlement of a cause of action in which the candidate is granted *pro hac vice* shall be received, held, distributed and accounted for in accordance with Rule 1.15 of the Pennsylvania Rules of Professional Conduct, including applicable IOLTA provisions.

/s/ JASON S. WEISS
JASON S. WEISS

**BY: STEVEN G. WIGRIZER**
**JASON S. WEISS**
wigrizers@wnwlaw.com/weissj@wnwlaw.com
**Identification No. 30396/310446**
**WAPNER, NEWMAN, WIGRIZER,**
**BRECHER & MILLER, P.C.**                    **ATTORNEYS FOR PLAINTIFF**
2000 Market Street, Suite 2750
Philadelphia, PA 19103
(215) 569 - 0900

| | |
|---|---|
| SHIRLEY DAVILA, Individually and pursuant to : | **COURT OF COMMON PLEAS** |
| Pa.R.C.P. 2202(b) as Trustee Ad Litem for the : | **PHILADELPHIA COUNTY** |
| Estate of JESSICA DIANE DAVILA, deceased : | |

                           *Plaintiffs*      :      **CIVIL ACTION**

               v.             :

GENERAL NUTRITION CENTERS, INC.    :

     and                        :      JUNE TERM, 2012

GNC HOLDINGS, INC.             :

     and                        :      NO.  002113

USPLABS, LLC                    :
                *Defendants*    :

### CERTIFICATE OF SERVICE

    I, Jason S. Weiss, attorney for plaintiff, hereby states that a true and correct copy of the

Motion to Admit Appearance of Counsel *Pro Hac Vice* has been provided to the defendants.

                    WAPNER, NEWMAN, WIGRIZER
                    BRECHER & MILLER, P.C.


                BY:   /s/ JASON S. WEISS
                    STEVEN G. WIGRIZER
                    JASON S. WEISS
                    Attorneys for Plaintiff

# EXHIBIT "A"

Case ID: 120602113
Control No.: 12062554

## PA Interest on Lawyers Trust Account Board
Return to the IOLTA PA Pro Hac Vice Website

# Thank you for your order!

You may print this receipt page for your records. A receipt has also been emailed to you.

| | |
|---|---|
| Merchant: | Pennsylvania Interest on Lawyers Trust Account Board |
| Description: | Pro Hac Vice Application Fee |
| Date/Time: | 20-Jun-2012 11:12:29 AM  Invoice        PHV20120620111134 |
| | ET                        Number: |
| Customer ID: | GA784239 |

Billing Information
Mark Zamora
3795 harts mill lane
atlanta, ga 30319
mark@markzamora.com
Phone: 404-451-7781

**Total:   US $202.75**

| | |
|---|---|
| Date/Time: | 20-Jun-2012 11:12:29 AM ET |
| Transaction ID: | 4456251092 |
| Authorization Code: | 191428 |
| Payment Method: | Visa ****3302 |

The total includes a $2.75 convenience fee.

Case ID: 120602113
Control No.: 12062554



EXHIBIT "D"

# Affidavit / Return of Service

| | | | |
|---|---|---|---|
| **Plaintiff:** | SHIRLEY DAVILA<br>SHIRLEY DAVILA | **Court Term & No.:** 120602113<br><br><br>E-File# 1206045809 | |
| **Defendant:** | GENERAL NUTRITION CENTERS, INC.<br>GNC HOLDINGS, INC. | **Document Served:**<br>MOTION FOR ADMISSION PRO HAC<br>VICE | |
| **Serve at:** | 2955 MARKET STREET | **Company Reference/Control No.:**<br>CS094656-1&2JJ | |

Served and Made Known to GENERAL NUTRITION CENTERS, INC. AND GNC HOLDINGS, INC. on 06/22/2012 at 03:25 PM, in the manner described below:

Agent or person in charge of Party's office or usual place of business. NAME: REFUSED NAME, MANAGEMENT

| **Description** | **Age:** | **Height:** | **Weight:** | **Race:** | **Sex:** |
|---|---|---|---|---|---|
| | | 5' 9" | | Black | Female |

**Other:** BLACK HAIR, EYEGLASSES

| **Company Profile:** | **Name of Server:** JAMES DAVIS |
|---|---|
| B&R SERVICES FOR PROFESSIONALS INC.<br>235 S. 13TH ST.<br>PHILADELPHIA PA 19107<br>PHONE: (215)546-7400 | Being duly sworn according to law, deposes and says that he/she is process server herein names; and that the facts herein set forth above are true and correct to the best of their knowledge, information and belief.<br><br>**Deputy Sheriff:** |

FILED AND ATTESTED PRO-PROTHY 27 JUN 2012 03:22 PM

\\zdrafsrv 12/8/11



EXHIBIT "E"

# Affidavit / Return of Service

| | | | |
|---|---|---|---|
| **Plaintiff:** | SHIRLEY DAVILA<br>SHIRLEY DAVILA | **Court Term & No.:** 120602113<br><br><br>E-File# 1206034336 | |
| **Defendant:** | GENERAL NUTRITION CENTERS, INC.<br>GNC HOLDINGS, INC. | **Document Served:**<br>Plaintiff's Complaint | |
| **Serve at:** | 2955 MARKET STREET | **Company Reference/Control No.:**<br>CS094525-1&2  SR | |

Served and Made Known to GENERAL NUTRITION CENTERS, INC. AND GNC HOLDINGS, INC. on 06/19/2012 at 10:59 AM, in the manner described below:

Agent or person in charge of Party's office or usual place of business. NAME: TAMIKA CRITCHLOW, CLERK

| **Description** | Age: | Height: | Weight: | Race: | Sex: |
|---|---|---|---|---|---|
| | 27 | 5' 5" | 135 lbs. | Black | Female |
| | Other: | | | | |

| **Company Profile:** | **Name of Server:** JAMES HARRIS |
|---|---|
| B&R SERVICES FOR PROFESSIONALS INC.<br>235 S. 13TH ST.<br>PHILADELPHIA PA 19107<br>PHONE: (215)546-7400 | Being duly sworn according to law, deposes and says that he/she is process server herein names; and that the facts herein set forth above are true and correct to the best of their knowledge, information and belief. |
| | **Deputy Sheriff:** |

FILED AND ATTESTED PRO-PROTHY 20 JUN 2012 03:15 PM



EXHIBIT "F"

**BY: STEVEN G. WIGRIZER**
**JASON S. WEISS**
wigrizers@wnwlaw.com/weissj@wnwlaw.com
**Identification No. 30396/310446**
**WAPNER, NEWMAN, WIGRIZER,**
**BRECHER & MILLER, P.C.**
2000 Market Street, Suite 2750
Philadelphia, PA 19103
(215) 569 - 0900

Filed and Attested by
PROTHONOTARY
21 JUN 2012 02:15 pm
E. MARQUETTE
DISTRICT OF

**ATTORNEYS FOR PLAINTIFF**

---

| | |
|---|---|
| SHIRLEY DAVILA, Individually and pursuant to  : <br> Pa.R.C.P. 2202(b) as Trustee Ad Litem for the  : <br> Estate of JESSICA DIANE DAVILA, deceased  : | **COURT OF COMMON PLEAS** <br> **PHILADELPHIA COUNTY** |
|                *Plaintiff,*  : | **CIVIL ACTION** |
|        v.  : | |
| GENERAL NUTRITION CENTERS, INC.  : <br>     and  : <br> GNC HOLDINGS, INC.  : <br>     and  : <br> USPLABS, LLC  : <br>                *Defendants.*  : | JUNE TERM, 2012 <br><br> NO. 002113 |

---

### AFFIDAVIT OF SERVICE

Jason S. Weiss, Esquire, being duly sworn according to law, deposes and says that a copy of the Complaint was served upon defendant, USPLABS, LLC, 10761 King William Drive, Dallas, TX 75220, on June 21, 2012, via federal express. A copy of the tracking receipt is attached hereto as Exhibit "A".

SWORN TO AND SUBSCRIBED
BEFORE ME THIS ᵈ1 DAY
OF June , 2012

_____
NOTARY PUBLIC

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
AMY M. ZAKRESKI, Notary Public
City of Philadelphia, Phila. County
My Commission Expires May 23, 2013

_____
JASON S. WEISS

# EXHIBIT "A"

**Adams, Debbie**

| | |
|---|---|
| **From:** | trackingupdates@fedex.com |
| **Sent:** | Thursday, June 21, 2012 8:45 AM |
| **To:** | Adams, Debbie |
| **Subject:** | FedEx Shipment 793702824854 Delivered |

This tracking update has been requested by:

| | |
|---|---|
| Company Name: | wapner |
| Name: | Debbie Adams |
| E-mail: | adamsd@wnwlaw.com |

Our records indicate that the following shipment has been delivered:

| | |
|---|---|
| Reference: | 209528/Davila |
| Ship (P/U) date: | Jun 20, 2012 |
| Delivery date: | Jun 21, 2012 7:40 AM |
| Sign for by: | R.VELASQUEZ |
| Delivery location: | Dallas, TX |
| Delivered to: | Receptionist/Front Desk |
| Service type: | FedEx First Overnight |
| Packaging type: | FedEx Envelope |
| Number of pieces: | 1 |
| Weight: | 0.50 lb. |
| Special handling/Services: | Adult Signature Required |
| | Deliver Weekday |
| Tracking number: | 793702824854 |

| Shipper Information | Recipient Information |
|---|---|
| Debbie Adams | Jonathan Doyle |
| wapner | USPLABS, LLC |
| 2000 Market Street | 10761 King Wililam Drive |
| Philadelphia | Dallas |
| PA | TX |
| US | US |
| 19103 | 75220 |

Please do not respond to this message. This email was sent from an unattended mailbox. This report was generated at approximately 7:45 AM CDT on 06/21/2012.

To learn more about FedEx Express, please visit our website at fedex.com.

All weights are estimated.

Case ID: 120602113

To track the latest status of your shipment, click on the tracking number above, or visit us at fedex.com.

This tracking update has been sent to you by FedEx on the behalf of the Requestor noted above. FedEx does not validate the authenticity of the requestor and does not validate, guarantee or warrant the authenticity of the request, the requestor's message, or the accuracy of this tracking update. For tracking results and fedex.com's terms of use, go to fedex.com.

Thank you for your business.

Case ID: 120602113

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SHIRLEY DAVILA, individually and pursuant to    *
Pa.R.C.P. 2202(b) as Trustee Ad Litem for the    *    CIVIL ACTION
Estate of JESSICA DIANE DAVILA, deceased    *
                              *    NO.
                Plaintiff,    *
                              *
         v.    *
                              *
GENERAL NUTRITION CENTERS, INC.,    *
GNC HOLDINGS, INC., and USPLABS, LLC    *
                              *
              Defendants    *

---

## PROOF OF SERVICE – NOTICE OF REMOVAL

To:    Steven G. Wigrizer, Esquire
       Jason S. Weiss, Esquire
       Wapner, Newman, Wigrizer,
       Brecher & Miller, P.C.
       2000 Market Street, Suite 2750
       Philadelphia, PA 19103

YOU ARE HEREBY NOTIFIED that the case of Shirley Davila, individually and pursuant to Pa.R.C.P. 2202(b) as Trustee Ad Litem for the Estate of Jessica Diane Davila, deceased, Plaintiff v. General Nutrition Centers, Inc., GNC Holdings, Inc., and USPLABS, LLC, Defendants, initiated by you in the Court of Common Pleas of Philadelphia County Pennsylvania, has on this 12th day of July, 2012, been removed to the United States District Court for the Eastern District of Pennsylvania. Attached hereto are copies of the papers filed to effect such removal.

Respectfully submitted,

**WEBER GALLAGHER SIMPSON
STAPLETON FIRES & NEWBY LLP**
2000 Market Street, 13th Floor
Philadelphia, PA 19103
(215) 972-7900
(215) 564-7699 (Fax)


By: _____
        William C. Mills, Esquire
        wmills@wglaw.com
        Attorney for Defendants

Dated: July 12, 2012

## CERTIFICATE OF SERVICE

I hereby certify that on or about July 12, 2012, a true and correct copy of the attached Proof of

Service of Notice of Removal and the Notice of Removal was served by mailing same, certified

mail, postage prepaid on the following individuals:


Steven G. Wigrizer, Esquire
Jason S. Weiss, Esquire
Wapner, Newman, Wigrizer,
Brecher & Miller, P.C.
2000 Market Street, Suite 2750
Philadelphia, PA 19103


**WEBER GALLAGHER SIMPSON
STAPLETON FIRES & NEWBY LLP**


By: _____
William C. Mills, Esquire
Attorney for Defendants

Dated:  July 12, 2012