IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHIRLEY DAVILA, Individually and Pursuant to Pa. R. C. P. 2202(B) as Trustee Ad Litem for Estate of JESSICA DIANE DAVILA, Deceased | : : : : : | CIVIL ACTION |
| v. | : : | |
| GENERAL NUTRITION CENTERS, INC., GNC HOLDINGS, INC. and USPLABS, LLC | : : | NO.  12-3962 |

## MEMORANDUM OPINION

**Savage, J.**                                                                                    **September 19, 2012**

In moving to remand this drug products liability case which was removed from the state court by the defendants, the plaintiff contends that there is no federal question providing a basis for subject mater jurisdiction.  She argues that references to the Federal Food, Drug and Cosmetic Act ("FDCA") in the complaint provide a predicate, not a substantive, basis for her state law causes of action.  She claims that a violation of the FDCA is merely an element of her state tort claims.

In their notice of removal, the defendants stated that the plaintiff makes claims under the FDCA.  Opposing the remand motion, they contend that the plaintiff "expressly raised the issue of whether the Product met the requirements of federal law, both in the Product's make-up and in the Defendants' labeling of the product."  *Mem. of Law in Opp'n to Pl'.s Mot. To Remand* at 3, ECF No. 12.  Recognizing that the plaintiff's complaint does not state a federal cause of action, the defendants argue that the plaintiff's entitlement to relief depends upon resolution of a substantial question of federal law.  Accordingly, it maintains that we have jurisdiction.

In removing an action, the defendant bears the burden of demonstrating federal jurisdiction. *Kaufman v. Allstate N.J. Ins. Co.*, 561 F.3d 144, 151 (3d Cir. 2009) (citing *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007)); *accord Brown v. JEVIC*, 575 F.3d 322, 326 (3d Cir. 2009) (the removing party "carries a heavy burden of showing that at all stages of the litigation the case is properly before the federal court"). Additionally, removal statutes are to be strictly construed, and all doubts are resolved in favor of remand. *Brown*, 575 F.3d at 326; *Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 396, 403 (3d Cir. 2004); *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990).

Federal question jurisdiction under 28 U.S.C. § 1331 arises when either the cause of action is created by federal law or the plaintiff's entitlement to relief requires resolution of a "substantial question of federal law." *Empire HealthChoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 690 (2006). Merely because a federal issue may be implicated does not give rise to federal question jurisdiction. The issue must be a substantial one. *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313 (2005). The ultimate question is: "[D]oes a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* at 314.

This case involves state law causes of action under Pennsylvania's wrongful death and survival statutes. The causes of action for products liability, negligence and breach of warranty are based on Pennsylvania law which the Pennsylvania courts should decide.

Even though the state court may have to interpret federal law, which it is competent

to do, it does not elevate the federal issue to a "substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." *Id*. at 313. Violations of federal statutes and regulations are often relied upon in state court actions to establish negligence. *Id.* at 318-19. When they are, the cases brought in state court do not raise a substantial federal question opening the door to the federal courthouse.

Here, the defendants argue that the case is removable because the court must interpret the FDCA in deciding the state law claims. Even so, there is not a substantial question that must or should be considered by a federal court. The Pennsylvania court is qualified to interpret federal law as it relates to the state law causes of action. *Empire*, 547 U.S. at 701.

The plaintiff must prove, as an element of her causes of action, that the drug was adulterated within the meaning of the FDCA. She must establish that the drug product contained a synthetic ingredient and that it was adulterated. The question is whether the FDCA applies. The answer to that question may be given by the state court.

Because there is no substantial federal question at issue or any other basis for exercising subject matter jurisdiction, we shall grant the motion to remand.